IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00665-PAB-MEH

WILLIAM MONTGOMERY,

    Plaintiff,

v.

ANDREW SAENZ and
JUDE PEREZ,

    Defendants.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion for Appointment of Counsel. Mot., ECF No. 21. Under 28 U.S.C. § 1915(e)(1), a district court may, in its broad discretion, appoint counsel to an indigent party in a civil case. *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991). However, civil litigants enjoy no constitutional right to an attorney, *Johnson v. Johnson,* 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam), and the Court does not have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Therefore, the Court can appoint volunteer counsel to represent a plaintiff if the Court determines in its discretion that is appropriate to do so. *See* D.C. Colo. LAttyR 15, Civil Pro Bono Representation.

The Court will appoint volunteer counsel for an eligible party only if a consideration of the following factors so warrants: (1) the nature and complexity of the action; (2) the potential merit of the claims and defenses of the unrepresented party; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel. *Id.*; *see also*

*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams*, 926 F.2d at 996). Additionally, courts should consider whether special circumstances exist, such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), in which the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

Here, Defendants have not yet answered the allegations in Plaintiff's operative Complaint. At this early stage of Plaintiff's suit, the complexity of the action and the merits of his claims are largely uncertain. Similarly, determining whether appointing counsel would serve the interests of justice and this Court is premature. The Court notes that Plaintiff represents that he has diligently attempted to secure counsel. Mot. 2; *see* D.C. Colo. LAttyR 15(f)(1)(B)(iii). The Court encourages Plaintiff to continue to do so, and he may renew this motion after the case is more fully developed. Until that time, Plaintiff's motion [filed August 29, 2018; ECF No. 21] is **denied without prejudice** with leave to re-file at a later date.

Dated at Denver, Colorado, this 7th day of September, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge