IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00665-PAB-MEH

WILLIAM MONTGOMERY,

    Plaintiff,

v.

ANDREW SAENZ and
JUDE PEREZ,

    Defendants.

---

# ORDER

---

This matter is before the Court on plaintiff's objection to the Recommendation of the United States Magistrate Judge [Docket No. 40]. The magistrate judge recommends that plaintiff's claim for malicious prosecution under 42 U.S.C. § 1983 be dismissed for failure to allege that defendants acted with malice. Docket No. 39 at 7. On December 31, 2018, plaintiff filed an objection to the magistrate judge's recommendation, Docket No. 40, to which defendants responded on January 14, 2019. Docket No. 41. Plaintiff filed a reply on January 28, 2019. Docket No. 42.

## I. BACKGROUND

The background facts of this case are recited in the magistrate judge's recommendation and will not be repeated here. *See* Docket No. 39 at 1-3. In brief, plaintiff filed this *pro se* lawsuit on March 31, 2018, alleging that defendants – two police officers with the Westminster police department – violated his rights under the First, Fourth, and Fourteenth Amendments when they arrested him for allegedly

violating an anti-solicitation ordinance.  See Docket No. 1.  Plaintiff's operative complaint, filed on June 13, 2018, asserts a single claim against defendants for malicious prosecution under the Fourth Amendment.  Docket No. 8 at 4.

On September 26, 2018, defendants moved to dismiss the complaint based, in part, on the defense of qualified immunity.  Docket No. 29.  On December 17, 2018, the magistrate judge recommended that the motion be granted because plaintiff had "not alleg[ed] that any action or mistake on the part of Defendants was taken maliciously" as required to establish a malicious prosecution claim.  See Docket No. 39 at 6-7 (citing *Novitsky v. City of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007)).  In reaching that conclusion, the magistrate judge relied on plaintiff's allegations that defendants "actually thought the private drive to which Plaintiff had been standing on was a public road," the private drive was "paved using similar-looking asphalt" as that used for public roads, and defendants testified candidly to facts that undermined the malicious prosecution charge.  Docket No. 39 at 7.

## II.  STANDARD OF REVIEW

Because the magistrate judge's recommendation pertains to a dispositive motion, the Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  Because plaintiff is proceeding *pro se*, the Court will construe his objection and pleadings liberally without serving as his advocate.  See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

In his objection, plaintiff argues that his claim should not be dismissed because (1) there is no evidence that the officers conducted an investigation into the public nature of the drive where plaintiff was arrested, Docket No. 40 at 1-2, ¶ 2; (2) the magistrate judge based his conclusion that defendants were reasonably mistaken as to the public nature of the drive on a "faulty premise," namely, that public roads are "predominantly paved," *id.* at 2-3, ¶ 3; and (3) it is "irrelevant . . . that the Defendants 'candidly' answered in the affirmative all questions presented to them at trial." *Id.* at 3, ¶ 4. The Court finds these arguments unpersuasive.

Regarding their purported failure to investigate the public nature of the drive, defendants correctly point out that the "failure to investigate a matter fully" generally suggests negligence rather than "a knowing or reckless disregard for the truth." Docket No. 41 at 3, ¶ 5 (quoting *Stonecipher v. Valles*, 759 F.3d 1134, 1142 (10th Cir. 2014)); *see also Novitsky*, 491 F.3d at 1258-59 (indicating that the malice requirement of a malicious prosecution claim requires a more culpable mental state than mere "inadvertence or negligence"). While plaintiff responds that defendants acted with "willful blindness" by continuing to assert that he was "standing on a public road" despite knowing that the nature of the road was disputed, Docket No. 42 at 1-2, ¶ 2, plaintiff has not demonstrated that defendants were obligated to "collaborate with an individual [they suspected] of violating a law to ensure that [their] belief [was] properly founded." Docket No. 39 at 9; *see Spalsbury v. Sisson*, 250 F. App'x 238, 246 (10th Cir. 2007) (unpublished) ("A policeman . . . is under no obligation to give any credence

to a suspect's story, and even a plausible explanation in no way requires the officer to forego arrest pending further investigation if the facts as discovered provide probable cause." (internal quotation marks and brackets omitted)). Even if such an obligation existed, plaintiff has not shown that defendants' failure to abide by it satisfies the malice element of his malicious prosecution claim. *See Romero v. Fay*, 45 F.3d 1472, 1478-81 (10th Cir. 1995) (holding that defendants' failure to contact plaintiff's alibi witnesses before or after his arrest did not establish the deliberate or reckless intent necessary to support a constitutional violation).

Plaintiff's remaining arguments are also unavailing. First, the magistrate judge did not base his recommendation on a "stereotype" about "how public roads and private drives are predominantly paved." Docket No. 40 at 2. Instead, he relied on plaintiff's own allegation that the private drive on which he was standing "may have been paved using similar-looking asphalt as that used in the production of public roads." Docket No. 8 at 10, ¶ 11; *see also* Docket No. 39 at 7 (citing allegations in the complaint). As to the argument that it is irrelevant whether defendants "candidly answered in the affirmative all questions presented to them at trial," Docket No. 40 at 3, ¶ 4, the magistrate judge properly relied on *Novitsky* in finding that defendants' truthful testimony weighed against a finding of malice. *See Novitsky*, 491 F.3d at 1258 (holding that plaintiff had failed to show malice in light of one officer's "candid testimony during . . . [the] criminal trial and the second motion to suppress hearing"). To the extent plaintiff contends that defendants violated his constitutional rights *before trial* by ignoring exculpatory evidence, *see* Docket No. 40 at 4, ¶ 4, he is merely repeating the argument, rejected

4

above, that defendants acted maliciously by failing to investigate the public/private nature of the drive.[1]

The Court has reviewed the remaining, unobjected-to portions of the recommendation and satisfied itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes.[2]

## IV. CONCLUSION

Wherefore, it is

**ORDERED** that plaintiff's Objection to Magistrate Judge's Recommendation to Grant Defendants' Motion to Dismiss [Docket No. 40] is **OVERRULED**. It is further

**ORDERED** that the Recommendation of the United States Magistrate Judge [Docket No. 39] is **ACCEPTED**. It is further

**ORDERED** that Defendants' Motion to Dismiss [Docket No. 29] is **GRANTED**. It is further

**ORDERED** that the second amended complaint [Docket No. 8] is dismissed with

---

[1] Given that plaintiff's own allegations foreclose a finding of malice, the Court finds it "obvious that [plaintiff] cannot prevail on the facts he has alleged and [that] it would be futile to give him an opportunity to amend." *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (internal quotation marks omitted). Accordingly, the Court will dismiss his complaint with prejudice.

[2] In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn,* 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). The standard of review that the Court has applied to the unobjected-to portions of the magistrate judge's recommendation is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

prejudice. It is further

**ORDERED** that, within 14 days of the entry of this order, defendants may have their costs by filing a Bill of Costs with the Clerk of the Court. It is further

**ORDERED** that this case is closed.

DATED July 11, 2019.

                                            BY THE COURT:

                                            s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            Chief United States District Judge